CASE 0:26-cv-02181-DWF-ECW   Doc. 9   Filed 04/23/26   Page 1 of 8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David J.C.P.,

        Petitioner,

v.

Todd Blanche, *Acting Attorney General*;
Markwayne Mullin, *Secretary, U.S.*
*Department of Homeland Security*;
Todd M. Lyons, *Acting Director of*
*Immigration and Customs Enforcement*;
and David Easterwood, *Acting Director,*
*St. Paul Field Office Immigration and*
*Customs Enforcement*,

        Respondents.

Civil No. 26-2181 (DWF/ECW)

**MEMORANDUM**
**OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner David J.C.P.'s petition for a writ of

habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting

authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) For the reasons

set forth below, the Court grants the Petition and orders Respondents to provide

Petitioner with a bond hearing.

## BACKGROUND

Petitioner is a citizen of Ecuador and resident of Minneapolis, Minnesota. (Doc.

No. 1 ¶¶ 7, 14.) Petitioner has lived in the United States for over four years. (*Id.* ¶ 14.)

He is married, has a three-year-old daughter, and he and his wife are expecting a baby in

May. (*Id.* ¶ 17.) Petitioner alleges that he entered the United States through a port of

entry, was initially detained, and then released with an ankle monitor. (*Id.* ¶ 15.)

Respondents assert that the Department of Homeland Security ("DHS") encountered

Petitioner on March 13, 2022, at a place other than a port of entry, was released from

initial processing with an I-94 as an Alternate to Detention, and that as a condition of his

parole, he report to the Immigration and Customs Enforcement ("ICE") office near his

final destination within 15 days or face removal. (Doc. No. 6 at 1; *see also* Doc.

Nos. 7-2, 7-3.) Respondents assert that his parole expired on April 5, 2022. (Doc. No. 6

at 1.)[1] Petitioner, however, alleges that he appeared for his immigration meeting as

directed, at which time his ankle monitor was removed. (Doc. No. 1 ¶ 15.)

On April 6, 2026, an immigration officer found probable cause to arrest Petitioner

and signed an arrest warrant. (Doc. No. 7-1.) On April 7, 2026, Petitioner was detained

and brought to the Whipple Federal Building in Fort Snelling, Minnesota. (Doc. No. 1

¶¶ 18-19.) Respondents claim that they read the contents of the warrant to Petitioner in

Spanish. (Doc. No. 7-1.) Petitioner was then moved to Freeborn Adult Detention Center,

where he remains. (*Id.* ¶¶ 20-21.) He is currently scheduled to appear before an

immigration judge on April 28, 2026. (Doc. No. 7-4 at 1.) The Notice to Appear was

issued on April 7, 2026. (*Id.*)

Petitioner filed the Petition on April 8, 2026. (Doc. No. 1 at 26.) Petitioner

asserts that his detention is unlawful because it violates the Due Process Clause of the

---

[1]    The document submitted to show that Petitioner's parole expiration is actually for
Dyan C.C., an eight-year-old family member who was traveling with Petitioner. (*See*
Doc. No. 7-2 at 2; Doc. No. 7-3.)

2

Fifth Amendment, the Fourth Amendment's protection against unlawful seizure, the Administrative Procedure Act, and the *Accardi* doctrine. (*Id.* ¶¶ 53-80.) Petitioner requests immediate release from detention or a bond hearing. (*Id.* at 25.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point to *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). (Doc. No. 6 at 3-4.) In *Avila*, the Eighth Circuit interpreted § 1225(b)(2)(A) to require detention of any noncitizen present in the United States who has not been admitted, regardless of whether they are arriving at the border or within the interior, if an examining officer determines that the noncitizen seeking admission "is not clearly . . . entitled to be admitted." *See Avila*, 2026 WL 819258, at *3-4. Petitioner acknowledges the *Avila* decision but clarifies that he challenges his detention on constitutional grounds not foreclosed by *Avila*. (*See* Doc. No. 1 ¶¶ 30-32.)

Specifically, Petitioner challenges the constitutionality of his detention under the Due Process Clause. (*Id.* ¶¶ 33-36.) Respondents argue Petitioner is not entitled to

federal due process protections (i.e., a bond hearing) because that analysis is legally irrelevant post-*Avila*. (Doc. No. 6 at 5.) Specifically, Respondents argue that the *Mathews* factors (discussed below) are irrelevant for application for admission under § 1225(b)(2)(A) and any such constitutional analysis would exceed the Court's authority to review Congress's statutory judgment. The Court disagrees. The *Avila* opinion did not address the issue of due process. *See* 2026 WL 819258, at *8 & n.8 (Erickson, J., dissenting). Nothing in the *Avila* opinion, which was decided exclusively on statutory grounds, suggests that any constitutional review is "legally irrelevant." The Court, therefore, considers Petitioner's due process arguments.

No person within the United States—including noncitizens who entered unlawfully—shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V; *see Zadvydas*, 533 U.S. at 693. Civil detention violates the Due Process Clause unless there is a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (citation modified). To determine whether a civil detention violates a detainee's due process rights, courts apply the three *Mathews* factors.[2] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1148 (D. Minn. 2025). The three factors are: (1) the private interest affected by the official action;

---

[2]     Use of the *Mathews* factors is appropriate here despite the Eighth Circuit's decision to bypass this test in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024). *Banyee* analyzed the mandatory detention of a noncitizen pursuant to § 1226(c). *See id.* at 930. Here, Respondents invoke § 1225(b)(2)(A) to detain Petitioner.

(2) the risk of erroneous deprivation of such interest, and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the burden of those additional or substitute safeguards. *Mathews*, 424 U.S. at 335. These factors favor Petitioner.

First, freedom from detention is a central due process protection. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by one's own government."). Further, Respondents assert that Petitioner's parole expired and that Petitioner violated his parole conditions by continuing to remain in the United States. (Doc. No. 6 at 4, 6.) These assertions, however, are contradicted by other evidence in the record and the allegations in the Petition. Instead, Petitioner submits that he was released on parole with an ankle monitor with the condition that he report to ICE within 15 days, and that he so appeared and had his ankle monitor removed. (Doc. No. 1 ¶ 15.) Presumably, at the time the ankle monitor was removed, Respondents concluded that Petitioner was neither a flight risk nor a danger and therefore released him on his own recognizance. Moreover, there is no evidence that Petitioner failed to update his address or otherwise meet the terms of his release. Indeed, Respondents were able to locate him at his residence without any asserted difficulty when they detained him. Because the record shows that Petitioner was released previously on his own recognizance when his ankle monitor was removed, the government cannot revoke that status without due

process. *See, e.g.*, *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 26-cv-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) (explaining that the government cannot recategorize immigrants released pursuant to § 1226 without due process).

Second, without an individual assessment, the risk of erroneous deprivation is high. *Cf. Abdirashid H. M. v. Noem*, No. 25-cv-4779, 2026 WL 127698, at *4 (D. Minn. Jan. 9, 2026) (granting habeas relief under § 1226, in part, because lack of process created a high risk of erroneous deprivation). And providing an individualized assessment as to the government's interest in detaining Petitioner would ameliorate that risk. *See id.*

Third, the government's interest in detaining Petitioner is weak because they have not established that Petitioner is unlikely to appear or that he poses any threat to the community. *See Maldonado*, 795 F. Supp. 3d at 1153-54 (granting habeas petition in part because there was no showing that public safety or attendance concerns required detention). Respondents previously determined that Petitioner was not a danger when they removed his ankle monitor and released him. *See Alvarez-Rico v. Noem*, No. 26-cv-729, 2026 WL 522322, at *6 (S.D. Tex. Feb. 25, 2026) (requiring a pre-detention showing of changed circumstances to revoke an OREC). Respondents have not demonstrated that Petitioner is now a danger or a flight risk. Finally, the burden of providing a hearing is low, especially considering that Petitioner is set for a hearing on a Notice to Appear later this month. (Doc. No. 7-4 at 1.)

The *Mathews* factors weigh in favor of Petitioner. The Court finds that requiring a bond hearing will balance the interests of Petitioner and Respondents.

6

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment.

3. Respondents are **ORDERED** to provide Petitioner with a bond hearing before an immigration judge in Minnesota within seven (7) days of the date of this Order.

4. If Respondents do not provide Petitioner with a bond hearing as required by this Order, Petitioner must be immediately released from detention.

   a. In the event that Respondents release Petitioner, they must do so: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without any new conditions on release, including but not limited to requiring Petitioner to sign a new "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program; (4) without any tracking devices or use of a tracking application; and (5) with all clothing and outerwear he was wearing at the time of detention, or other proper attire.

b.      In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Claire Glenn who can be reached at 651-343-4816.

5.      Within ten (10) days of the date of this Order, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order or, if no bond hearing was held, advise the Court regarding Petitioner's release.

6.      Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 23, 2026                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge

8