**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David J.C.P.,                                                    Civil No. 26-2181 (DWF/ECW)

        Petitioner,

v.
                                                                            **ORDER**

Todd Blanche, *Acting Attorney General*;
Markwayne Mullin, *Secretary, U.S.*
*Department of Homeland Security*;
Todd M. Lyons, *Acting Director of*
*Immigration and Customs Enforcement*;
and David Easterwood, *Acting Director,*
*St. Paul Field Office Immigration and*
*Customs Enforcement*,

        Respondents.

On April 8, 2026, Petitioner David J.C.P. filed a petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) On April 23, 2026, the Court granted the Petition and ordered Respondents to provide Petitioner with a bond hearing within seven days of the order. (Doc. No. 9.) The Court's order was based on Petitioner's due process arguments, which, as the Court noted, were not addressed by the Eighth Circuit's opinion in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Specifically, the Court found that Petitioner's detention violated his Fifth Amendment due process rights without an individualized bond hearing. (Doc. No. 9 at 6.) Respondents were given until April 30, 2026 to provide Petitioner with a bond hearing to rectify that violation. (*Id.* at 7.)

On May 1, 2026, Petitioner filed a motion to show cause why he should not be immediately released because he did not receive a bond hearing. (Doc. No. 11.)

Petitioner submits that he appeared before an immigration judge and that the immigration judge did not make an individual assessment of his flight risk or danger to the community but instead ordered that bond would be denied because the immigration judge lacked jurisdiction.  (*Id.* ¶¶ 5-6.)  The immigration judge's order states that bond was denied because the immigration court lacks jurisdiction under *Matter of Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), and *Avila*.  (Doc. No. 12-1 at 1.)  Respondents submitted a status report indicating that a bond hearing was held and opposing the contention that Petitioner did not receive a bond hearing.  (Doc. No. 14.)

In an order dated May 8, 2026, the Court ordered Respondents to file a brief in support of their position that Petitioner was given a bond hearing.  On May 11, 2026, Respondents filed their brief.  Respondents informed the Court that Respondents had moved for a new bond hearing, which occurred on May 11, 2026 before a new immigration judge.  Again, the immigration judge denied bond on the grounds that she lacked jurisdiction.  (Doc. No. 18 ¶ 7; Doc. No. 18-1.)  Over Petitioner's objection, and at DHS's request, the immigration judge also made an alternative finding that, if she had jurisdiction, she would set bond at $15,000.  (Doc. No. 18-1 at 2.)  She explained that Petitioner did not pose a danger to his community and that the bond was to ameliorate any risk of flight.  (*Id.*)

The Court specifically ordered that Petitioner be provided a bond hearing.  (Doc. No. 9 at 6.)  The Court concludes that the two hearings provided by Respondents do not satisfy the Court's order requiring that Respondents provide Petitioner with a bond hearing.  The immigration judge's alternative finding on May 11, 2026, setting a

2

hypothetical bond does not suffice because the alternative findings on Petitioner's flight risk and danger to the community are ultimately immaterial in light of the immigration judge's decision that she lacked jurisdiction.  Petitioner has no option to pay that bond and be released.  The bond is illusory.

In its April 23 order, the Court also ordered that if Petitioner did not receive a bond hearing within seven days, Petitioner must be immediately released from custody. (Doc. No. 9 at 7.)  Because Respondents have not provided Petitioner with a bond hearing, Petitioner must be released immediately.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Petitioner's motion for order to show cause (Doc. No. [11]) is **GRANTED**.

2.    Respondents must release Petitioner from custody immediately.

3.    Within three (3) days of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

4.    Respondents are directed to release Petitioner:

a.    In Minnesota;

b.    With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

c.    Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program; and

d.    Without any tracking devices or use of a tracking application.

5.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Claire Glenn who can be reached at 651-343-4816.

6.      Respondents are **ENJOINED** from re-detaining Petitioner under the same statutory theory, absent materially changed circumstances.

Dated:  May 14, 2026                              s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge